UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SAMUEL SMITH, *Pro Se*, | Case No.: 1:19 CV2573 |
| Plaintiff | JUDGE SOLOMON OLIVER, JR. |
| v. | |
| KATHERINE NOAHR, | |
| | MEMORANDUM OPINION |
| Defendant | AND ORDER |

## I. INTRODUCTION

*Pro Se* Plaintiff Samuel Smith brings this action against Cuyahoga County probation officer Katherine Noahr. (ECF No. 1). Plaintiff has moved to proceed with this matter *in forma pauperis* (ECF No. 2), for an injunction (ECF No. 3), and for the appointment of counsel (ECF No. 5).

For the reasons that follow, this action is dismissed.

## II. BACKGROUND

Plaintiff alleges that he was given probation by the Cuyagoha Court of Common Pleas in connection with a first degree misdemeanor. Plaintiff's probation officer is defendant Katherine Noahr. Plaintiff states that on his first visit with Noahr, he informed her that he has very serious health issues including lupus, prostate cancer, and a broken foot. Plaintiff alleges that Noahr said she does not care about his health issues, and that he must be present to see her as scheduled or she would find him in violation of his probation. Plaintiff claims that Noahr is treating him unfairly because of his race in violation of Title VII, though he offers no factual allegations to support that

conclusory claim. He asks this court to change his probation supervision to another department because neither Noahr nor her colleagues will treat him fairly. (ECF No. 1). In his motion for injunctive relief, Plaintiff asks the court to remove Noahr as his probation officer. (ECF No. 3).

Although there is no evidence of service on the docket, counsel has entered an appearance on behalf of Noahr and filed a motion to dismiss. (ECF No. 4). In the motion, Noahr states that Plaintiff's allegations in the instant action arises out of Cuyahoga County Court of Common Pleas case number CR-180626435-I ("Criminal Case"). (*See id*. 4). But except for identifying the Cuyahoga County criminal matter at issue in this case as a first degree misdemeanor, Plaintiff provides no specific information in the Complaint. Noahr argues that this action should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because Plaintiff fails to state a plausible claim for relief, and that this action is moot because Plaintiff's probation in the Criminal Case has been terminated (*see* ECF No. 4-3). Plaintiff has not responded to Noahr's motion, but asks the court to appoint counsel because his poor health prevents him from litigating his case. (ECF No. 5). Because this action is subject to dismissal for the reasons that follow, however, the court need not consider defendant Noahr's motion and it is denied as moot.

### III. LAW AND ANALYSIS

### A. Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, lacks an arguable basis in law or fact, or seeks monetary relief against a defendant who is immune from such relief. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Sistrunk v. City of*

*Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). While the court must construe the pleading in the light most favorable to the plaintiff, *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998), the court is not required to conjure unpleaded facts or construct claims against a defendant on behalf of a *pro se* plaintiff. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985).

A claim lacks an arguable basis in law or fact when it is premised upon an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. The dismissal standard for Fed. R. Civ. P. 12(b)(6) articulated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) also governs dismissal for failure to state a claim under § 1915(e)(2)(B). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). A cause of action fails to state a claim upon which relief may be granted when it lacks plausibility in the complaint. *Twombly*, 550 U.S. at 564. A plausible pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief on the assumption that all of the allegations in the complaint are true. *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 677-78.

**B. Analysis**

Plaintiff identifies Title VII as the basis for his claim. (ECF No. 1 at 1). Title VII liability attaches to unlawful employment practices of employers, employment agencies, labor organizations or the joint actions of these entities. 42 U.S.C. § 2000e-2. Title VII protects employees from discrimination on the basis of an individual's race, color, religion, sex, or national origin.

Plaintiff alleges that he is being treated unfairly by his probation officer, defendant Noahr, because of his race. But there are no allegations in the Complaint that any employment relationship, or any relationship that fairly approximates employment, exists between Plaintiff and Noahr or the

Cuyahoga County probation department. In the absence of such a relationship, Noahr's alleged discrimination is subject to Title VII. *See e.g. Marie v. Am. Red Cross*, 771 F.3d 344, 348 (6th Cir. 2014) (nun's volunteer relationship with the Red Cross does not fairly approximate employment and is not covered by Title VII). Accordingly, Plaintiff fails to state a plausible claim that defendant Noahr has violated Title VII in connection with her supervision of Plaintiff's probation.

## IV. CONCLUSION

For all of the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff's motion to proceed *in forma pauperis* is granted (ECF No. 2). Plaintiff's motions for injunctive relief and for appointment of counsel are denied. (ECF Nos. 3 and 5, respectively). Defendant's motion to dismiss (ECF No. 4) is moot, and denied as such.

The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

>  */s/ SOLOMON OLIVER, JR.*
>  UNITED STATES DISTRICT JUDGE

March 11, 2020